UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | | |
|---|---|---|
| ELSIE COLLAZO, a single woman, | ) | Case No. 2:13-cv-00892-JCC |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S MOTION FOR AWARD OF SANCTIONS |
| vs. | ) | |
| | ) | **NOTE ON MOTION CALENDAR** |
| BALBOA INSURANCE COMPANY, an Insurance Company | ) | **MARCH 7, 2014** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Relief Requested**

Defendant Balboa Insurance Co. ("Balboa") moves this Court for an order imposing sanctions on Plaintiff and her counsel for repeatedly and willfully violating this Court's Scheduling Order setting the discovery deadline for February 7, 2014.

**Statement of the Facts**

Plaintiff continues to serve subpoenas, note depositions and seek discovery after the February 7, 2014 discovery deadline.  The Scheduling Order entered on July 2, 2013 set a February 7, 2014 discovery deadline. (Dkt. #11).  Plaintiff has violated this Order and continues

DEFENDANT'S MOTION FOR AWARD OF SANCTIONS                                                                                        111i151

SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, OR 97204
Telephone: 503-227-2424
Facsimile: 503-227-2535

1  to violate this Order.  Late in the workday on Monday, February 3, 2014, four days before the
2  discovery deadline, Plaintiff demanded to take the depositions of four additional witnesses, only
3  one of whom reside in Washington.  Declaration of Robert S. May in support of Motion for
4  Award of Sanctions ("Decl. May") ¶ 3, Ex. 1.  This was done knowing that Plaintiff was being
5  deposed on February 7, 2014, which would leave only the next three days to produce three out-
6  of-state and one in-state witness for deposition.  Decl. May ¶ 3.  On Wednesday, February 5,
7  2014, Plaintiff served Balboa's counsel with a Notice of Deposition of Glenn Gauthreaux
8  commanding his appearance for a deposition on February 20, 2014, 13 days after the discovery
9  deadline.  Decl. May ¶ 4, Ex. 2.  Balboa objected to Plaintiff's attempt to conduct discovery in
10 violation of the Scheduling Order.  Decl. May ¶ 7, Ex. 4.

11         Plaintiff did not respond to Balboa's objection except to write "let me know once you've
12 learned of the witness' availability."  Decl. May ¶ 7, Ex. 4.  At 8:00 pm on February 13, 2014,
13 almost a week after the discovery deadline, Plaintiff served Balboa's local Independent Adjuster
14 Dean Perryman with a subpoena in this case at his personal residence.  Declaration of Dean
15 Perryman ¶¶ 2-3.  This subpoena, issued by Plaintiff February 6, 2014, the day before the
16 discovery deadline, commanded Mr. Perryman's appearance for deposition on March 3, 2014, 24
17 days after the discovery deadline.  Declaration of Dean Perryman ¶¶ 2-3.

18         On February 18, 2014, 11 days after the discovery deadline, Plaintiff unilaterally
19 scheduled a CR 26(i) discovery conference to occur on February 19, 2014 at 2:00 p.m.  Decl.
20 May ¶ 8, Ex. 6. Balboa responded that it will not violate the Scheduling Order and cited to
21 Plaintiff  LCR 16(b)(1)-(4) and (m)(1) and (2).  Decl. May ¶ 9, Ex. 7.  Balboa emphasized to
22 Plaintiff that "The parties are bound by the dates specified in the scheduling order …the
23 provisions of this rule will be strictly enforced."  LCR 16(b)(4) and (m)(1).  Balboa asked
24 Plaintiff twice to cease pursuing depositions and document discovery after February 7, 2014.
25 Decl. May ¶ 9, Ex. 7.  Plaintiff repeatedly refused.  Decl. May ¶ 10 Ex. 8.
26

DEFENDANT'S MOTION FOR AWARD OF SANCTIONS                                             111i151

Finally, on February 18, 2014, Balboa sent a letter to Plaintiff reminding Plaintiff that she had ample opportunity to conduct discovery before the deadline, that Balboa had produced all requested documents, yet Plaintiff threatened on several occasions to file a Motion to Compel but failed to do so.  Decl. May Ex. 9.

### Statement of the Issue

Should this court issue sanctions against Plaintiff for ignoring the discovery deadline?

### Evidence Relied Upon

Balboa relies upon the pleadings filed herein, the Declarations of Robert S. May and Dean Perryman and attachments thereto.

### Legal Authority

LCR 11(c) provides that "An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, . . . or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate."

LCR 16 governs scheduling and case management.  LCR 16(b)(1) provides:  "The court shall enter a written scheduling order . . . The scheduling order shall include, among other things, deadlines for the completion of discovery. . . ."

As to the discovery deadline, LCR 16(b)(2) provides that  "Interrogatories, requests for admissions or production, etc., must be served sufficiently early that all responses are due before the discovery deadline. Any motion to compel discovery shall also be filed and served on or before this deadline or as directed by court order."

The discovery deadline is binding under LCR 16(b)(4) and cannot be ignored by the parties without the court's consent: "The parties are bound by the dates specified in the scheduling order. A

DEFENDANT'S MOTION FOR AWARD OF SANCTIONS                                       111i151

SMITH FREED & EBERHARD P.C.
111 S.W. Fifth Avenue, Suite 4300
Portland, OR 97204
Telephone: 503-227-2424
Facsimile: 503-227-2535

schedule may be modified only for good cause and with the judge's consent. Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance."

The discovery deadline is strictly enforced. "In order to accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court, the provisions of this rule will be strictly enforced. Sanctions and penalties for failure to comply are set forth in LCR 11 and in the Federal Rules of Civil Procedure." LCR 16(m)(1).

## Conclusion

Plaintiff has clearly ignored, and continues to ignore, the discovery deadline. Pursuant to LCR 11(c), an attorney who fails to comply with an order of the court may be required by the court to satisfy personally such excess costs and may be subject to such other sanctions and the court may deem appropriate. The discovery deadline in this action was February 7, 2014. This Court has not ruled on Plaintiff's Motion for Continuance (Dkt. # 15). The discovery deadline has not been extended. Plaintiff has violated this Court's order and continues to do so, as recently as February 17, 2014. Therefore, Balboa respectfully requests that this Court award sanctions against Plaintiff for the repeated and continued violations of the Scheduling Order.

DATED this 20th day of February, 2014.

SMITH FREED & EBERHARD, P.C.

By:   */s/ Robert S. May*
Robert Selden May, WSBA No. 36116
Email:  rmay@smithfreed.com
Telephone: 503-227-2424

Attorneys for Balboa Insurance Company

DEFENDANT'S MOTION FOR AWARD OF SANCTIONS                    111i151

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of February 2014, I served the foregoing pleading on:

| | | |
|---|---|---|
| Michael T. Watkins<br>WSBA No. 13677<br>Law Office of Michael T. Watkins<br>2825 Eastlake Ave. E, Ste. 115<br>Seattle, WA  98102 | George W. McLean, Jr.<br>WSBA No.  14070<br>Law Office of<br>   George W. McLean, Jr.<br>2825 Eastlake Ave. E, Ste. 115<br>Seattle, WA  98102 | Joel  B. Hanson<br>WSBA No. 40814<br>Law Offices of Joel B. Hanson<br>2825 Eastlake Ave. E, Ste. 115<br>Seattle, WA 98102 |
| Email:<br>michael@mtwlawfirm.com | Email:<br>gwmclean.attorney@yahoo.com | Email:<br>joel.b.hanson@gmail.com |
| Of Attorneys for Plaintiff | Of Attorneys for Plaintiff | Of Attorneys for Plaintiff |

  X    by electronic means through the Court's Case Management/Electronic Case Filing system on the date set forth above.

_____ by emailing to the address above and by mailing a full, true and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Seattle, Washington on the date set forth above.

_____ by causing a full, true and correct copy thereof to be hand-delivered to the attorneys at the attorneys' last-known office address listed above on the date set forth above.

_____ by sending a full, true and correct copy thereof via overnight courier in a sealed, prepaid envelope, addressed to the attorney as shown above, the last-known office addresses of the attorneys, on the date set forth above.

SMITH FREED & EBERHARD, P.C.

By:    /s/ *Robert S. May*
      Robert Selden. May, WSBA No. 36116
      Email:  rmay@smithfreed.com
      Telephone: 503-227-2424
      Of Attorneys for Defendant
      Balboa Insurance Company

DEFENDANT'S MOTION FOR AWARD OF SANCTIONS                                111i151