THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   ELSIE COLLAZO,                          CASE NO. C13-892 JCC

10                    Plaintiff,            ORDER

11          v.

12   BALBOA INSURANCE COMPANY, an
13   insurance company,

14                    Defendant.

15          This matter comes before the Court on Plaintiff's second motion to compel. (Dkt. No.

16   46.) Having thoroughly considered the parties' briefing and the relevant record, and reviewed the

17   relevant documents *in camera*, the Court finds oral argument unnecessary and hereby DENIES

18   the motion for the reasons explained herein.

19   **I.      BACKGROUND**

20          Defendant Balboa Insurance Company ("Balboa") issued an insurance policy covering

21   Plaintiff Elsie Collazo's home, with Plaintiff as the beneficiary. (Dkt. No. 12 at 2.) Plaintiff's

22   home sustained fire damage on May 21, 2010. (*Id.*) Plaintiff alleges that Defendant failed to

23   make sufficient payments. (*Id.* at 2–4.)

24          This is the second motion to compel that has been filed in this case. In it, Ms. Collazo

25   requests that the Court order Balboa to produce unredacted copies of certain "employee diary

26   entries." (Dkt. No. 46.) Balboa argues that the redacted entries are privileged and protected by

1    the work-product doctrine. (Dkt. No. 48.) Ms. Collazo replies. (Dkt. No. 50.)

2    **II.    DISCUSSION**

3            Under Rule 37, "a party may move for an order compelling disclosure or discovery." Fed.

4    R. Civ. P. 37(a)(1). Here, Ms. Collazo moves to compel disclosure of unredacted versions of

5    certain diary entries that she alleges relate to actions taken by Balboa while owing a quasi-

6    fiduciary duty to Ms. Collazo. Balboa argues that the redacted entries are not related to quasi-

7    fiduciary functions, and so are protected by the work product doctrine and/or the attorney-client

8    privilege.

9            In Washington, "in first party insurance claims by insured's [sic] claiming bad faith in the

10   handling and processing of claims . . . there is a presumption of no attorney-client privilege" in

11   the claims adjustment process. *Cedell v. Farmers Ins. Co. of Wash.*, 295 P.3d 239, 246 (Wash.

12   2013) (en banc) ("We start from the presumption that there is no attorney-client privilege

13   relevant between the insured and the insurer in the claims adjusting process."). But an insurer

14   can overcome that presumption and assert an attorney-client privilege, or that the documents are

15   protected by the work-product doctrine, "upon a showing in camera that the attorney was

16   providing counsel to the insurer and not engaged in a quasi-fiduciary function." *Id.* Even after an

17   insurer has overcome that presumption, the insured may be allowed to pierce the attorney-client

18   privilege if certain exceptions to the privilege apply, such as the civil fraud exception. *Id.* at 246–

19   47.

20           Here, Ms. Collazo has alleged a bad faith claim against Balboa, and so the Court must

21   initiate the process as outlined above. (Dkt. No. 12 at 3–4, ¶¶ 6.1–6.2.) First, the Court will

22   assume that the relevant documents were a part of the claims file, and the claims adjustment

23   process had not been completed at the time of at least some of the disputed entries. Thus, the

24   presumption against the attorney-client privilege and the work product doctrine applies.

25   Accordingly, the Court must review the documents in camera to determine whether Balboa has

26   rebutted the presumption of the absence of the attorney-client privilege or the work-product

1  doctrine.

2       Where an attorney is engaged in the tasks of "investigating and evaluating or processing

3  the claim" during the claims adjustment process, *Cedell*, 195 P.3d at 246, the presumption

4  against the attorney-client privilege applies and the insurer may not raise the shield of privilege.

5  However, where an attorney instead engages in core attorney-client communications with the

6  insurer, such as "providing the insurer with counsel as to its own potential liability," there is no

7  presumption against the attorney-client privilege. *Id.* Here, upon review of the unredacted

8  documents *in camera*, the Court finds that the relevant entries did not relate to the investigation,

9  evaluation, or processing of the claim. Instead, they consist solely of statements that are an

10 attorney's work-product, or are protected by the attorney-client privilege. Accordingly, the Court

11 finds that Balboa has rebutted the presumption against privilege.

12      Moreover, having reviewed the relevant statements *in camera*, there is no exception to

13 the privilege that would enable Ms. Collazo to pierce the privilege. In her motion to compel, Ms.

14 Collazo mentions only the civil fraud exception. The Court sees no basis in the unredacted

15 statements for that exception. In addition, having reviewed other exceptions to the attorney-client

16 privilege, the Court finds no basis for any other privilege exception.

17      Finally, the Court holds that, having reviewed the disputed documents and statements *in

18 camera*, the unredacted statements are completely irrelevant to Ms. Collazo's claims.

19 Accordingly, the Court also denies the motion to compel on the grounds of relevance.

20 **III.     CONCLUSION**

21      For the foregoing reasons, Plaintiff's motion to compel, (Dkt. No. 46), is DENIED.

22 //

23 //

24 //

25 //

26 //

ORDER
PAGE - 3

1     DATED this 7th day of August 2014.

2

3

4

5

6

7                                                                                             John C. Coughenour

8                                                                                             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 4