THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELISE COLLAZO,<br><br>Plaintiff,<br><br>v.<br><br>BALBOA INSURANCE COMPANY, an insurance company<br><br>Defendant. | CASE NO. C13-0892-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Elsie Collazo's motion for partial summary judgment (Dkt. No. 71) and Defendant Balboa Insurance Company's motion for summary judgment (Dkt. No. 72). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES both motions for the reasons explained herein.

I.   BACKGROUND

Much of the factual background of the case was addressed in a previous Order by this Court (Dkt. No. 43) and the Court will not rehearse those details here. In brief, Defendant Balboa Insurance Company ("Balboa") issued an insurance policy covering Plaintiff Elsie Collazo's home, with Plaintiff as the beneficiary. (Dkt. No. 12 at 2.) Plaintiff's home sustained fire damage on May 21, 2010. (*Id.*) Plaintiff alleges that Defendant failed to make sufficient payments. (*Id.* at

2–4.)

In October, 2014, this Court denied Plaintiff's motion for partial summary judgment on the issue of ordinance of law, but granted summary judgment for Plaintiff on the issues of cost of overhead and profit, Defendant's breach of contract in withdrawing from the appraisal process, and attorney fees. (Dkt. No. 65.)

In Plaintiff's new motion for partial summary judgment, she asks the Court to find that Balboa violated WAC §§ 284-30-330(3), 330(14), 360(2), and 330(7). Collazo further requests that the Court find that Balboa violated the Washington Insurance Fair Conduct Act ("IFCA") and the Washington Consumer Protection Act ("CPA").

Defendant's motion requests summary judgment as to Plaintiff's extra-contractual claims for breach of contract, bad faith, and violations of the IFCA and the CPA.

## II. DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn there from in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Conclusory, non-

specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888–89 (1990). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### A.  Violation of WAC § 284-30-330(7)

Collazo alleges that Balboa violated WAC § 284-30-330(7) by offering substantially less money than was ultimately recovered in the appraisal, and thereby compelling her to initiate an appraisal. In order to succeed on this claim, she must show that Balboa had no reasonable justification for its conduct. *See Keller v. Allstate Ins. Co.,* 81 Wash. App. 624, 634 (1996). The Court finds that there are genuine disputes about the reasons for Balboa's low offer, and, consequently about the question of whether Balboa's conduct compelled Collazo to initiate an appraisal. The Court therefore denies summary judgment on this issue.

### B.  Violations of WAC §§ 284-30-330(3), 330(14) and 360(2)

Collazo alleges that Balboa violated WAC §§ 284-30-330(3), 330(14) and 360(2) by knowingly refusing to respond to a letter from Bud Dyer, a public adjuster. The Court finds that there is a genuine dispute as to the basis for Balboa's failure to respond. The Court therefore denies summary judgment on this issue.

### C.  Violation of the IFCA

Collazo alleges that Balboa violated the IFCA because it unreasonably denied a payment of benefit and violated WAC insurance regulations. Balboa rightly notes that there is no IFCA

liability for a stand alone WAC violation. However, a WAC violation coupled with wrongful denial of coverage constitutes an IFCA violation. *See Lease Crutcher Lewis WA, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. C08–1862RSL, 2010 WL 4272453, at *5 (W.D.Wash. Oct.15, 2010); *Garoutte v. Am. Family Mut. Ins. Co.*, No. C12-1787 BHS, 2013 WL 3819923, at *5 (W.D. Wash. July 23, 2013), appeal dismissed (Oct. 30, 2013), reconsideration denied, No. C12-1787 BHS, 2013 WL 4083317 (W.D. Wash. Aug. 12, 2013). Here, as discussed above, there are genuine disputes of material fact as to whether Balboa violated any WAC insurance provisions or wrongfully denied coverage. The Court therefore denies summary judgment on this issue.

**D.     Violation of the CPA**

In order to prevail in her CPA claim, Collazo "must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780, 719 P.2d 531, 533 (1986). Because there are genuine issues of material fact regarding the WAC insurance provision violations, there is a genuine issue of material fact regarding the first element. The Court therefore denies summary judgment on this issue.

**E.     Report of Gary Williams**

Balboa asks the Court not to consider the Report of Gary Williams which was submitted as an exhibit to Collazo's motion. The Court's decisions do not rely upon this report, so the request is denied as moot.

### F. Collazo's Alleged Failure to Cooperate as Defense to Bad Faith Claim

Balboa argues that it is entitled to summary judgment on Collazo's bad faith claim because Collazo's alleged failure to cooperate prevented it from conducting a meaningful investigation. The Court finds that there are genuine issues as to the nature and extent of Collazo's cooperation. Summary judgment on the issue is therefore denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Elsie Collazo's motion for partial summary judgment (Dkt. No. 71) and Defendant Balboa Insurance Company's motion for summary judgment (Dkt. No. 72) are both DENIED.

DATED this 19th day of December 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE