The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF
WASHINGTON AT SEATTLE

| ELSIE G. COLLAZO, | NO. CV 13-00892 JCC |
|---|---|
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL SUBMISSION OF EVIDENCE CONCERNING PLAINTIFF'S MOTIONS IN LIMINE NOS. 1 AND 4.** |
| v. | |
| BALBOA INSURANCE COMPANY, an insurance company, | **Note on motion calendar: January 9, 2015** |
| Defendant. | |

Plaintiff submits the following supplemental evidence to assist the Court in ruling on

Plaintiff's Motions in Limine Nos. 1 and 4. (Dkt. No. 84.)

Balboa has stated that it intends to offer testimony from a new, unknown witness to serve

as its testifying representative at trial. (Dkt. No. 86, pages 5, lines 12-16.) Plaintiff has already

taken the depositions of three corporate representatives designated by Balboa pursuant to Rule

30(b)(6). (Declaration of Joel Hanson ¶ 3.)  Balboa's January 5, 2015 filing was the first time

Plaintiff learned that Balboa would present an unknown testifying representative. (Hanson Decl.

¶ 5.) Prior to the discovery deadline, Plaintiff was concerned that Balboa might disavow Kyle

Richmond's testimony on the basis that he was insufficiently knowledgeable of the claim. On

PLAINTIFFS' SUPPLEMENTAL SUBMISSION OF EVIDENCE
CONCERNING MOTIONS IN LIMINE NOS. 1 and 4 — 1

NO. CV 13-00892 JCC

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW
SUITE 480
MOUNTLAKE TERRACE, WA 98043
425.582.5636

May 30, 2014, Plaintiff served Balboa with an amended Notice of Deposition pursuant to Rule 30(b)(6). (Hanson Decl. Ex. A.) On July 1, 2014, Balboa responded that Richmond no longer worked for Balboa. (Hanson Decl. Ex. B.) Balboa objected to Plaintiff questioning a new representative on the same topics as Richmond, but Balboa assured Plaintiff that it stood by Richmond's testimony and would allow him to be subpoenaed for trial. (Hanson Decl. Ex. C.)

Plaintiff's amended notice of deposition contained an amended topic, No. 6, that that explicitly raised the question of why Balboa had withdrawn from the appraisal process.[1] (Hanson Decl. Ex. A.) On July 2, 2014, Balboa designated Melinda Konicke as Balboa's Rule 30(b)(6) representative to testify concerning that topic as amended. (Hanson Decl. Ex. D.) During Konicke's July 30, 2014 deposition, she testified that she had no knowledge of the appraisal events and Balboa's withdrawal. (Dkt. No. 84 at 66-72.)

Balboa has communicated that the new testifying representative will testify differently than Richmond and Konicke did concerning the appraisal process and Balboa's reason for withdrawing. (Hanson Decl. Ex. E.)


DATED this 9th day of January, 2015.

---

[1] Topic No. 6 stated: "The subject appraisal, including the decision to withdraw from the appraisal and the personnel responsible for making appraisal-related decisions." (Hanson Decl. Ex. A.)

PLAINTIFFS' SUPPLEMENTAL SUBMISSION OF EVIDENCE
CONCERNING MOTIONS IN LIMINE NOS. 1 and 4 — 2

NO. CV 13-00892 JCC

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW
SUITE 480
MOUNTLAKE TERRACE, WA 98043
425.582.5636

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JOEL B. HANSON, ATTORNEY AT LAW, PLLC

    /s Joel Hanson
    Joel B. Hanson, WSBA #40814
    Attorney for Plaintiff

PLAINTIFFS' SUPPLEMENTAL SUBMISSION OF EVIDENCE
CONCERNING MOTIONS IN LIMINE NOS. 1 and 4 — 3

NO. CV 13-00892 JCC

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW
SUITE 480
MOUNTLAKE TERRACE, WA 98043
425.582.5636

1

2

3

4

5

6

7

8

9

10

11

12

13

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF
WASHINGTON AT SEATTLE

| | |
|---|---|
| ELSIE G. COLLAZO,<br><br>                    Plaintiff,<br><br>        v.<br><br>BALBOA INSURANCE COMPANY, an<br>insurance company,<br>                    Defendant. | NO. 13-00892 JCC<br><br>**DECLARATION OF JOEL B. HANSON<br>PROVIDING SUPPLEMENTAL<br>EVIDENCE CONCERNING<br>PLAINTIFF'S MOTIONS IN LIMINE<br>NOS. 1 AND 4.** |

14

15

16

17

18

19

20

21

22

23

24

25

I, Joel Hanson, declare as follows:

1.      I am over 18 years of age and otherwise competent to make this Declaration, which is based on my personal knowledge and the documents enclosed herein.

2.      I am one of the attorneys who represents the plaintiff in this matter.

3.      Before the discovery deadline, Balboa designated three separate witnesses to testify pursuant to Fed. R. Civ. P. 30(b)(6). I took all three depositions. Kyle Richmond was designated to represent Balboa concerning the claim and the appraisal. Melinda Konicke was designated to represent Balboa concerning the appraisal. Timothy Burke was designated to

DECLARATION OF JOEL B. HANSON — 1

NO. 13-00892 JCC

represent Balboa concerning the loss of emails relating to the claim.

4.      Balboa's January 5, 2015 filing was the first time I learned that Balboa would present an unknown testifying representative who was different from Mr. Richmond, Ms. Konicke, or Mr. Burke.

5.      Attached as Exhibit A is a true and correct copy of Plaintiff's May 30, 2014 Second Amended Notice of Deposition pursuant to Rule 30(b)(6).

6.      Attached as Exhibit B is a true and correct copy of a July 1, 2014 email from me to counsel for Balboa confirming our telephone conversation. I mistakenly wrote the name "Kyle Richards" instead of "Richmond."

7.      Attached as Exhibit C is a true and correct copy of a July 1, 2014 email from Robert May to me.

8.      Attached as Exhibit D is a true and correct copy of a July 2, 2014 email from Tessan Wess to me.

9.      On January 8, 2015, I had a telephone conference with Kyle Riley. He stated that he believed Balboa's new representative would likely testify with more knowledge of the appraisal withdrawal than Mr. Richmond had. Mr. Riley said he was not aware that Ms. Konicke had already been designated to testify on that issue. Attached as Exhibit E is a true and correct letter I sent to Mr. Riley by email confirming our conversation.

DECLARATION OF JOEL B. HANSON — 2

NO. 13-00892 JCC

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW
SUITE 480
MOUNTLAKE TERRACE, WA 98043
206.412.8765

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.


Signed at Mountlake Terrace Washington, this 9th day of January, 2015.

_____

Joel Hanson

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
6100 219 STREET SW
SUITE 480
MOUNTLAKE TERRACE, WA 98043
206.412.8765

# EXHIBIT A

1

2                                                    The Honorable John C. Coughenour

3

4

5

6

7              UNITED STATES DISTRICT COURT WESTERN DISTRICT OF
                          WASHINGTON AT SEATTLE

8    ELSIE G. COLLAZO,                    | NO. CV 13-00829 JCC

9                        Plaintiff,       |

10         v.                             | SECOND AMENDED NOTICE OF
                                          | DEPOSITION OF BALBOA
11   BALBOA INSURANCE COMPANY, an         | INSURANCE COMPANY UNDER
     insurance company,                   | FEDERAL RULE OF CIVIL
12                                        | PROCEDURE 30(b)(6)
                         Defendant.       |
13

14

15       TO:    BALBOA INSURANCE COMPANY, defendant;

16       TO:    Robert May and Courtney Robinson, attorneys for defendant Balboa Insurance
                Company;

17       YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that, pursuant to Federal

18   Rule of Civil Procedure 30(b)(6), a deposition upon oral examination will be taken by and

19
     through one or more officers, directors, managing agents, or persons designated to testify on
20
     behalf of defendant Balboa Insurance Company ("Balboa"), concerning all matters known or
21
     reasonably available to Balboa regarding:
22

23
             1.    The amounts paid by Ms. Collazo for the policy.
24

25
JOEL B. HANSON
                                                           ATTORNEY AT LAW, PLLC
                                                              2825 EASTLAKE AVE E
                                                                      SUITE 115
                                                               SEATTLE, WA 98102
                                                                   206.412.8765

2.    The contents of the insurance policy and Ms. Collazo's rights under the policy.

3.    Balboa's handling of the subject insurance claim, including the decisions and payments it made during the claim, and the personnel responsible for those decisions.

4.    Balboa's procedures for handling claims such as the subject claim.

5.    The industry standard of care for handling claims such as the subject claim.

6.    The subject appraisal, including the decision to withdraw from the appraisal and the personnel responsible for making appraisal-related decisions.

7.    Balboa's positions (if any) concerning how this claim and the appraisal could have, or should have, been handled differently.

8.    Whether Balboa believes homeowners such as Ms. Collazo will be able to rebuild their home using the insurance proceeds under the terms of the subject insurance policy, and if so, how that process should work.

10.   The completeness of the claim file produced by Balboa in this matter, including the search for and loss of emails or other documents related to the claim.

11.   Any allegations of misconduct or dishonesty on the part of Ms. Collazo, her representatives, or anyone else involved in the claim.

12.   Balboa's supervision and control over Dean Perryman, Paragon Claims, or any other person or entity that assisted AFIC with the evaluating the subject damage and insurance claim.

Accordingly, pursuant to the aforesaid rules, you are hereby requested to designate the

SECOND AMENDED NOTICE OF DEPOSITION OF
BALBOA INSURANCE COMPANY UNDER FEDERAL
RULE OF CIVIL PROCEDURE 30(b)(6) — 2

JOEL B. HANSON
ATTORNEY AT LAW, PLLC
2825 EASTLAKE AVE E
SUITE 115
SEATTLE, WA 98102
206.412.8765

1   individual or individuals with the most knowledge regarding the subjects set forth above and to
2   prepare that witness with to testify on those subjects. The duty to prepare a designee goes beyond
3   matters personally known to the witness or to matters in which the designated witness was
4   personally involved. The duty to produce a prepared witness on designated topics extends to
5   matters not only within the personal knowledge of the witness but on matters reasonably known by
6   Balboa.
7
8       This oral examination will be taken on the following date, at the following time and
9   place, subject to continuance or adjournment from time to time until completed:
10
11          DATE:       July 16, 2014
12          TIME:       9:00 a.m.
13          PLACE:      Law Offices of Michael T. Watkins
                        2825 Eastlake Ave. E #115
14                      Seattle, WA 98102
15
16      DATED this 30th day of May, 2013.
17
18
19                              JOEL B. HANSON, ATTORNEY AT LAW, PLLC
20
                                    /s Joel Hanson
21                              Joel B. Hanson, WSBA #40814
                                Attorney for Plaintiff
22
23
24
25

SECOND AMENDED NOTICE OF DEPOSITION OF                          JOEL B. HANSON
BALBOA INSURANCE COMPANY UNDER FEDERAL                     ATTORNEY AT LAW, PLLC
RULE OF CIVIL PROCEDURE 30(b)(6) — 3                          2825 EASTLAKE AVE E
                                                                     SUITE 115
                                                              SEATTLE, WA 98102
                                                                  206.412.8765

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under the penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner noted below a true and correct copy of the foregoing to the parties mentioned below as indicated:

| | |
|---|---|
| Robert May<br>Smith Freed & Eberhard<br>111 SW 5th Ave. Suite 4300<br>Portland, OR 97204 | [X] U.S. Mail<br>[ ] E-mail<br>[X] Fax<br>[ ] Legal Messenger |

DATED at Seattle, Washington, this _30_ day of May, 2014.

_____
Sonia Chakalo

# EXHIBIT B

**Print | Close Window**

Subject: **Balboa v. Collazo**

From: **joel@joelhansonlaw.com**

Date: **Tue, Jul 01, 2014 12:24 pm**

To: **"Robert May" <rmay@smithfreed.com>, "Tessan Wess" <twess@smithfreed.com>**

Rob and Tessan:

Thank you for speaking with me just now. I am sorry that this conversation became heated.

This is to confirm that Kyle Richards no longer works for Balboa. Can you tell me whether he will be available to testify at trial?

Concerning the follow-up Rule 30b6 deposition, my understanding is that you had previously agreed to produce a deponent who could address the questions that Mr. Richards could not answer. For example, he did not know what happened after the claim was taken out of Mr. Gauthreaux' hands.

Is Balboa still willing to produce a Rule 30b6 witness to follow-up on those issues Mr. Richards was not aware of?

Regards,

Joel


Joel B. Hanson, Attorney at Law, PLLC
2825 Eastlake Ave. E., Suite 115
Seattle, WA 98102
206-412-8765
joel@joelhansonlaw.com

The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message may be privileged and confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by email, and delete the original message. Thank you.

Copyright © 2003-2015. All rights reserved.

# EXHIBIT C

Print  |  Close Window

Subject: RE: Collazo, Elise Grace L12029835 111I151: Balboa v. Collazo
   From: "Robert S. May" <rmay@smithfreed.com>
   Date: Tue, Jul 01, 2014 1:13 pm
     To: "joel@joelhansonlaw.com" <joel@joelhansonlaw.com>
     Cc: Tessan Wess <twess@smithfreed.com>
 Attach: image002.png

Mr. Hansen,

This is in response to our conference this afternoon. During this conference we invited you to serve a revised 30b6 notice that is limited to the areas of inquiry you feel Mr. Richmond did not adequately cover in his 30b6 deposition. You declined to do this. Instead, you insist that you are entitled to re-note all topics in the November 2013 notice and start the depositions of our client over again. To this, stated our objection.

Mr. Richmond is no longer employed by Balboa/QBE. You may subpoena him for trial.

You have been told on countless occasions that Mr. Gauthreaux closed the claim file. Mr. Gauthreaux testified that after he closed his file, after your client filed the notice of intent to file suit, a litigated claim file was opened. We objected to the production of our litigated claim file. You know this.

You have re-noted the November, 2013 30b6 deposition in its entirety. We object. You took the position that if Balboa's 30b6 designee, Kyle Richmond, is not available to testify at trial you get to reopen the entire 30b6 deposition. Your rationale, as I understand it, is that you can only impeach Mr. Richmond's 30b6 testimony if he is the trial witness. A 30b6 is the deposition of a corporation through the designee. His testimony was the testimony of the company.

If you believe our 30b6 witness failed to answer questions in the notice, please state the subject matters. Your demand that the entire deposition be reopened is inappropriate.

Robert S. May
*Partner*
vcard | bio
111 SW 5th Ave, Suite 4300 | Portland, OR 97204
P: 503.227.2424 | F: 503.227.2535
Email: rmay@smithfreed.com


SMITH FREED & EBERHARD P.C.
*Your Litigation Partner*

This email message may contain privileged and/or confidential information intended for the use of the person to whom it is addressed. If the reader of this message is not the intended recipient, or the employee, or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at 503-227-2424, and delete the original message. Destroy or return any original copies to Smith Freed & Eberhard P.C., 111 SW Fifth Avenue, Suite 4300, Portland, Oregon 97204.

# EXHIBIT D

Subject: RE: Collazo, Elise Grace L12029835 1111151: Collazo, Elise Grace L12029835 1111151: Deposition dates

From: Tessan Wess <twess@smithfreed.com>

Date: Wed, Jul 02, 2014 11:14 am

To: "joel@joelhansonlaw.com" <joel@joelhansonlaw.com>

Cc: Sonia Chakalo <soniac@mtwlawfirm.com>, Kirstin Wetzel <kwetzel@smithfreed.com>, "Robert S. May" <rmay@smithfreed.com>

Attach: image005.png
image006.png
image002.png

Joel,

As I have previously stated, Mr. Burke resides in Sun Prairie, WI - please refer to my e-mail of June 25, 2014, below. Note that July 7, 2014 is this coming Monday, following the 4th of July long weekend. Please advise as to the selected court reporter and location at your earliest convenience so that we may advise our client accordingly.

During our call yesterday, I suggested that we discuss our availability before I request dates from Ms. Konicke. Rob and I are currently available the last week of July 28 – Aug 1. Please advise as to your availability.

With regards to the Second Amended Notice of 30(b)(6) deposition, we spoke yesterday to discuss whether you intended to renote all of the topics addressed in the November 19, 2013 deposition or if you intended to note up a 30(b)(6) deposition for the designations as amended. What I was able to take away from the call was that you wanted to a 30(b)(6) deposition to cover each topic that was covered in the November 19, 2013 deposition, with the vague limitation for "questions that Mr. Richmond couldn't answer." As I understand your recent e-mail from yesterday afternoon, you plan to review the November 19, 2013 depo transcript and to modify the Second Amended Notice of 30(b)(6) deposition. For the time being and to preserve our objections to the Second Amended Notice of 30(b)(6) deposition, Balboa objects and makes designations as follows:

### Plaintiff's Designation Number 1 - The amounts paid by Ms. Collazo for the policy.

This is identical to Plaintiff's Amended Notice of Deposition dated October 24, 2013.

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013. Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the deposition of Balboa's 30(b)(6) designee Kyle Richardson.

### Plaintiff's Designation Number 2 - The contents of the insurance policy and Ms. Collazo's rights under the policy.

This is identical to Plaintiff's Amended Notice of Deposition dated October 24, 2013.

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the November 19, 2013 deposition of Balboa's 30(b)(6) designee Kyle Richardson.

### Plaintiff's Designation Number 3- Balboa's handling of the subject insurance claim, including the decisions and payments it made during the claim and the personnel responsible for those decisions.

This request is substantially the same as Plaintiff's Amended Notice of Deposition dated October 24, 2013 and is amended only to include "and the personnel responsible for those decisions."

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the November 19, 2013 deposition of Balboa's 30(b)(6) designee Kyle Richardson.

To the extent that Plaintiff seeks information regarding "the personnel responsible for those decisions," Balboa designates **Melinda Konicke.** Ms. Konicke will testify to the extent that such matters are discernible from her review of the case file and her personal involvement in the handling of Plaintiff's claim. Ms. Konicke has not been designated to offer legal conclusions.

### Plaintiff's Designation Number 4 - Balboa's procedures for handling claims such as the subject claim.

Balboa designated Kyle Richardson to testify in this regard. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the November 19, 2013 deposition of Balboa's 30(b)(6) designee Kyle Richardson.

*Plaintiff's Designation Number 5 - The industry standard of care for handling claims such as the subject claim.*

This is identical to Plaintiff's Amended Notice of Deposition dated October 24, 2013.

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the November 19, 2013 deposition of Balboa's 30(b)(6) designee Kyle Richardson

*Plaintiff's Designation Number 6 - The subject appraisal, including the decision to withdraw from the appraisal could have or should have been handled differently.*

This request is substantially the same as Plaintiff's Amended Notice of Deposition dated October 24, 2013 and is amended only to include "*including the decision to withdraw from the appraisal could have or should have been handled differently.*"

Balboa designated Kyle Richardson to testify regarding the subject appraisal. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

As amended, Balboa designates **Melinda Konicke** to the extent that such matters are discernible from her review of the case file and her personal involvement in the handling of the claim.

*Plaintiff's Designation Number 7 - Balboa's position (if any) concerning how this claim and the appraisal could have or should, have been handled differently.*

This is identical to Plaintiff's Amended Notice of Deposition dated October 24, 2013.

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the November 19, 2013 deposition of Balboa's 30(b)(6) designee Kyle Richardson

*Plaintiff's Designation Number 8 - Whether Balboa believes homeowners such as Ms. Collazo will be able to rebuild their home using the insurance proceeds under the terms of the subject insurance policy, and if so, how that process should work.*

This request is substantially the same as Plaintiff's Amended Notice of Deposition dated October 24, 2013 and is amended to change the form of the topic but not the substance.

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

Balboa objects to this request as amended.

*Plaintiff's Designation Number 10 - The completeness of the claim file produced by Balboa in this matter, including the search for and loss of emails or other documents involved in the claim.*

This request is substantially the same as Plaintiff's Amended Notice of Deposition dated October 24, 2013 and is amended only to include "*including the search for and loss of emails or other documents involved in the claim.*"

Balboa designated Kyle Richardson to testify regarding the completeness of the claim file. Mr. Richardson testified in Seattle, WA on November 19, 2013.

As amended, Balboa designates **Tim Burke** to testify regarding the search for and loss of emails or other documents involved in the claim.

*Plaintiff's Designation Number 11 - Any allegations of misconduct or dishonesty on the part of Ms. Collazo, her representatives, or anyone else involved in the claim.*

This is identical to Plaintiff's Amended Notice of Deposition dated October 24, 2013.

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle, WA on November 19, 2013.

Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the November 19, 2013 deposition of Balboa's 30(b)(6) designee Kyle Richardson.

*Plaintiff's Designation Number 12 - Balboa's supervision and control over Dean Perryman, Paragon Claims, or other person or entity that assisted [Balboa] with the evaluating the subject damage and insurance claim.*

This is identical to Plaintiff's Amended Notice of Deposition dated October 24, 2013.

Balboa designated Kyle Richardson to testify in response. Mr. Richardson's deposition was taken in Seattle. WA on

November 19, 2013.

Balboa objects to this proposed area of inquiry in the Second Amended Notice of Deposition as it was noted and addressed in the November 19, 2013 deposition of Balboa's 30(b)(6) designee Kyle Richardson.

Thank you for your time,

Tessan Wess
*Attorney*

111 SW 5th Ave, Suite 4300 | Portland, OR 97204
P: 503.227.2424 | F: 503.227.2535
Email: twess@smithfreed.com



SMITH FREED & EBERHARD P.C.
*Your Litigation Partner.*

This email message may contain privileged and/or confidential information intended for the use of the person to whom it is addressed. If the reader of this message is not the intended recipient, or the employee, or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately at 503-227-2424, and delete the original message. Destroy or return any original copies to Smith Freed & Eberhard P.C., 111 SW Fifth Avenue, Suite 4300, Portland, Oregon 97204.

**From:** joel@joelhansonlaw.com [mailto:joel@joelhansonlaw.com]
**Sent:** Tuesday, July 01, 2014 10:14 AM
**To:** Tessan Wess
**Cc:** Sonia Chakalo; Kirstin Wetzel
**Subject:** RE: Collazo, Elise Grace L12029835 111I151: Collazo, Elise Grace L12029835 111I151: Deposition dates

Tessan,

I can do Mr. Burke's deposition at 9am PST on July 7. Where is he located? We need to set up a court reporter for him ASAP. If he has an office space, we can send a court reporter to him. Please let me know.

Please provide some dates that Ms. Konicke is available for her deposition. As of right now, I am not aware of any date she is availalbe.

Does July 29 still work for you for the deposition of Mr. May and Ms. Robinson?

What time would you like to talk today about the Rule 30b6 deposition?

Regards,

Joel

Joel B. Hanson, Attorney at Law, PLLC
2825 Eastlake Ave. E., Suite 115
Seattle, WA 98102
206-412-8765
joel@joelhansonlaw.com

The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message may be privileged and confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by email, and delete the original message. Thank you.

# EXHIBIT E

# Joel B. Hanson, Attorney at Law, PLLC

6100 219th St SW Suite 480 •Mountlake Terrace, WA 98043 • 425.582.5636 • joel@joelhansonlaw.com

January 8, 2014

Sent by email and mail

Kyle Riley
Jeremy Rogers
Tessan Wess
Smith, Freed & Eberhard, P.C.
705 2nd Ave, 17th Floor
Seattle, Washington 98104

      Re:    *Collazo v. Balboa Insurance Company*

Dear Kyle:

This it to confirm our conference just now at 2:30 p.m. You communicated that Balboa would oppose Plaintiffs' Motion in Limine No. 7.[1] You stated that it was likely that Balboa's new corporate representative would testify concerning events during the appraisal process that Kyle Richmond was, apparently, unaware of.

I alerted you to the fact that Balboa had already designated Melinda Konicke as a supplemental Rule 30(b)(6) witness concerning the appraisal process and Balboa's withdrawal. You said you were not aware of this.

I confirmed that I was not going to change your mind and that Balboa would not agree to Plaintiffs' Motion in Limine No. 7.

Thank you for your attention to this matter. Please let us know if you have questions.

---

[1] Motion in Limine No. 7: If Balboa is allowed to present testimony from a new corporate representative, that person's testimony shall not deviate from the testimony and knowledge contained in Balboa's prior Rule 30(b)(6) testimony. That new corporate representative shall not have personal knowledge of the facts in this case.

1

Sincerely,

Joel Hanson

**2**

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELSIE G. COLLAZO,

               Plaintiff,

   v.

BALBOA INSURANCE COMPANY, an
insurance company,

  Defendant..

NO. CV  13-00892 JCC

**CERTIFICATE OF SERVICE**

     Under penalty of perjury under the laws of the State of Washington, I declare that on this 9th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system with which will send notification of such filing to the following:

Kyle Riley
Jeremy Rogers
Smith Freed & Eberhard
705 2nd Ave Suite 1700
Seattle, WA 98104
P: 206/576-7575

Sonia Chakalo

CERTIFICATE OF SERVICE — 1

LAW OFFICES OF
MICHAEL T. WATKINS
6100 219th ST SW, SUITE 480
MOUNTLAKE TERRACE,
WA 98043
425/835-1619; FAX: 206/971-5080